UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| TOBY L. WEBSTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:19-cv-03229-TWP-TAB |
| | ) | |
| PAUL A. TALBOT, | ) | |
| | ) | |
| Defendant. | ) | |

**Order Screening Complaint and Directing Further Proceedings**

Plaintiff Toby Webster ("Mr. Webster"), an Indiana prisoner, brings this action pursuant to 42 U.S.C. § 1983 alleging that he has been denied constitutionally adequate medical care. Because Mr. Webster is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(a) to screen his complaint before service on the defendants.

**I. Screening Standard**

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint, or any portion of the complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015) (internal quotation omitted).

## II. Discussion

Mr. Webster alleges in his complaint that he suffers from flat feet, which require medical treatment including orthopedic footwear. But Dr. Talbot has denied him this footwear. Mr. Webster contends that as a result, he has suffered pain and injuries.

Based on the screening standard set forth above, Mr. Webster's claim shall proceed as a claim that Dr. Talbot exhibited deliberate indifference to his serious medical needs in violation of his Eighth Amendment rights. This summary of claims includes all of the viable claims identified by the Court. All other claims have been dismissed. If Mr. Webster believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through October 24, 2019,** in which to identify those claims.

## III. Conclusion and Service of Process

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to Dr. Talbot in the manner specified by Rule 4(d). Process shall consist of the complaint, applicable forms (Notice of Lawsuit and Request for Wavier of Service of Summons and Waiver of Service of Summons), and this Order.

**IT IS SO ORDERED.**

Date: 10/2/2019

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

TOBY L. WEBSTER
944510
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Dr. Paul Talbot
Medical Employee
Pendleton Correctional Facility
4490 West Reformatory Road
Pendleton, IN 46064