# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| TOBY L. WEBSTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:19-cv-03229-TWP-TAB |
| | ) | |
| PAUL A. TALBOT (MD) in his own individual capacity, | ) ) | |
| | ) | |
| Defendant. | ) | |

## ORDER GRANTING UNOPPOSED MOTION FOR SUMMARY JUDGMENT AND DIRECTING ENTRY OF FINAL JUDGMENT

This matter is before the Court on Defendant Paul A. Talbot, M.D.'s ("Dr. Talbot") Motion for Summary Judgment (Dkt. 24). Dr. Talbot is a medical provider at the Pendleton Correctional Facility ("PFC"). Plaintiff Toby L. Webster ("Mr. Webster") initiated this action against Dr. Talbot (Dkt. 2) on August 1, 2019, alleging deliberate indifference to his serious medical condition. Mr. Webster, an inmate in the Indiana Department of Correction ("IDOC"), alleges that Dr. Talbot failed to treat his flat feet condition and prescribe orthopedic footwear. Dr. Talbot denies that he had been deliberately indifferent to Mr. Webster's medical needs and moves for summary judgment. Mr. Webster has not responded to Dr. Talbot's Motion and the time for doing to has passed. For the reasons explained below, Dr. Talbot's unopposed Motion for Summary Judgment, (Dkt. 24), is **granted**.

## I. SUMMARY JUDGMENT LEGAL STANDARD

A motion for summary judgment asks the court to find that a trial is unnecessary because there is no genuine dispute as to any material fact and, instead, the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). On summary judgment, a party must show the court

what evidence it has that would convince a trier of fact to accept its version of the events.  *Gekas v. Vasilades*, 814 F.3d 890, 896 (7th Cir. 2016).  The moving party is entitled to summary judgment if no reasonable fact-finder could return a verdict for the non-moving party.  *Nelson v. Miller*, 570 F.3d 868, 875 (7th Cir. 2009).

To survive a motion for summary judgment, the non-moving party must set forth specific, admissible evidence showing that there is a material issue for trial.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The court views the record in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor.  *Skiba v. Illinois Cent. R.R. Co.*, 884 F.3d 708, 717 (7th Cir. 2018).  The court cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder.  *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014).  The court need only consider the cited materials, Fed. R. Civ. P. 56(c)(3), and the Seventh Circuit Court of Appeals has repeatedly assured the district courts that they are not required to "scour every inch of the record" for evidence that is potentially relevant to the summary judgment motion before them.  *Grant v. Trustees of Indiana Univ.*, 870 F.3d 562, 573-74 (7th Cir. 2017).

A dispute about a material fact is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  If no reasonable jury could find for the non-moving party, then there is no "genuine" dispute.  *Scott v. Harris*, 550 U.S. 372, 380 (2007).  Not every factual dispute between the parties will prevent summary judgment, and the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts."  *Matsushita Electric Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

As noted above, Mr. Webster did not respond to the Motion for Summary Judgment although he was served with the Motion and a separate Notice of his right to respond. *See* Dkt. 27. The consequence is that Mr. Webster has conceded Dr. Talbot's statement of undisputed facts. *See Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission."); *see also*, S.D. Ind. Local Rule 56-1(b) ("A party opposing a summary judgment motion must . . . file and serve a response brief and any evidence . . . that the party relies on to oppose the motion. The response must . . . identif[y] the potentially determinative facts and factual disputes that the party contends demonstrate a dispute of fact precluding summary judgment.").

Although *pro se* filings are construed liberally, *pro se* litigants such as Mr. Webster are not exempt from procedural rules. *See Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 758 (7th Cir. 2008) (noting that "*pro se* litigants are not excused from compliance with procedural rules"); *Members v. Paige*, 140 F.3d 699, 702 (7th Cir. 1998) (stating that procedural rules "apply to uncounseled litigants and must be enforced"). This does not alter the standard for assessing a Rule 56 motion, but it does "reduc[e] the pool" from which the facts and inferences relative to such a motion may be drawn. *Smith v. Severn*, 129 F.3d 419, 426 (7th Cir. 1997).

## II.   UNDISPUTED FACTS

At all times material to this action, Mr. Webster was an inmate at the Pendleton Correctional Facility in Pendleton, Indiana. ("PFC"). Dr. Talbot, an employee of Wexford of Indiana, LLC ("Wexford"), was the medical contractor for the IDOC, providing medical care at PFC at all times material to this action. (Dkt. 26-3 at 1.) Dr. Talbot saw and treated Mr. Webster on numerous occasions. *Id.* But before he saw Dr. Talbot, Mr. Webster was seen by a nurse and a nurse practitioner concerning his reports of having flat feet that were in pain. *Id.* at 2. These

medical providers gave Mr. Webster acetaminophen for the pain, educated him on the availability of lotions and supportive shoes that were available through the commissary, and requested Minerin cream, a pumice stone, and planned to submit a request for orthotic shoes for Mr. Webster. *Id.* at 2-3.

The nurse practitioner had also recommended an outside podiatrist consultation for Mr. Webster's flat feet, but Wexford's Regional Medical Director, Michael A. Mitcheff, D.O. ("Dr. Mitcheff"), denied the consultation and instead directed "onsite care and monitoring." (Dkt. 26-2.) He also suggested Mr. Webster lose weight. *Id.*

The nurse practitioner's request for orthotic shoes was not routed through Dr. Talbot. (Dkt. 26-3 at 3.) Instead, it was sent directly to Wexford. *Id.* Dr. Talbot does not have the authority to approve requests for outside consultations or the purchase of orthopedic shoes. *Id.*

Dr. Talbot met with Mr. Webster on February 15, 2019. *Id.* Several medical issues were addressed but none concerned his flat feet or orthopedic shoes. *Id.* A follow-up visit on March 7, 2019 likewise did not concern flat feet or orthopedic shoes. *Id.* at 4. Then, on March 15, 2019, in a visit prompted by Mr. Webster's request for a change in acid reflux medication, Dr. Talbot discussed the importance of an appropriate diet and exercise, causing Mr. Webster to become angry and walk out of the appointment. *Id.* at 4-5. No discussion of flat feet or orthopedic shoes occurred.

Mr. Webster's medical records show that he met with a nurse practitioner on July 30, 2019, and discussed foot pain. (Dkt. 26-1 at 41-43.) Another request was made for an outside podiatric consult, and Dr. Mitcheff again denied the request in favor of onsite care and monitoring. *Id.;* (Dkt. 26-3 at 5.) Dr. Mitcheff also noted that Mr. Webster could purchase arch supports and diabetic shoes through the facility commissary. *Id.* But in August 2019, the nurse practitioner's

third request for Mr. Webster to receive orthopedic shoes was approved and he received the shoes during the same month.  Dr. Talbot was not involved in the request or the approval.  *Id.*

Dr. Talbot left PCF in November 2019, never having seen Mr. Webster for any issues concerning his flat feet or need for orthopedic shoes.

## IV.  DISCUSSION

The undisputed summary judgment evidence shows that Dr. Talbot was not involved in any treatment or decision concerning Mr. Webster's flat feet or need for orthopedic shoes.  The only person connected with a decision to deny or delay orthopedic shoes for Mr. Webster is Dr. Mitcheff, the Regional Medical Director, and he is not a defendant in this action.  Dr. Talbot can only be liable in a § 1983 action for his personal actions or lack of actions.

"Individual liability under § 1983 . . . requires personal involvement in the alleged constitutional deprivation."  *Colbert v. City of Chi.*, 851 F.3d 649, 657 (7th Cir. 2017) (internal quotation omitted) (citing *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault.  An individual cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation. . . . . A causal connection, or an affirmative link, between the misconduct complained of and the official sued is necessary.")).

Mr. Webster does not contend that Dr. Talbot exercised supervisory authority over the nurse or the nurse practitioner involved, but even if he did, there is no vicarious or supervisor liability in § 1983 actions.  "Liability under § 1983 is direct rather than vicarious; supervisors are responsible for their own acts but not for those of subordinates, or for failing to ensure that subordinates carry out their tasks correctly."  *Horshaw v. Casper*, 910 F.3d 1027, 1029 (7th Cir. 2018); *see also Lennon v. City of Carmel*, 865 F.3d 503, 507–508 (7th Cir. 2017).

Because Mr. Webster has not shown that Dr. Talbot personally took or failed to take any action concerning the claims in this lawsuit, Dr. Talbot cannot be liable.  Therefore, the Motion for Summary Judgment, should be **granted**.

## V.  <u>CONCLUSION</u>

For the reasons explained above, Defendant Dr. Paul A. Talbot's Motion for Summary Judgment, (Dkt. [24]), is **GRANTED**.  This action is **dismissed with prejudice**.  Final judgment consistent with this Order shall now enter.

**SO ORDERED**.

Date: 11/19/2020

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Toby L. Webster, #944510
Pendleton Correctional Facility
Electronic Service Participant – Court Only

Douglass R. Bitner
KATZ KORIN CUNNINGHAM, P.C.
dbitner@kkclegal.com

Rachel D. Johnson
KATZ KORIN CUNNINGHAM, P.C.
rjohnson@kkclegal.com